# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LAWRENCE WALKER**                                                                    **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:23-cv-00102-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI**                                          **DEFENDANT**

## FIRST AMENDED COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff, Lawrence Walker, by and through counsel and pursuant to 42 U.S.C. § 1983 and related authorities, files this Complaint against the Defendant for deprivation of Plaintiff's constitutional rights to be from unlawful seizure and to liberty in violation of the Fourth and Fourteenth Amendments to the United States Constitution and deprivation of the constitutional rights to be informed of the nature of the allegations against him and to counsel in violation of the Sixth and Fourteenth Amendments, and in support thereof would show unto the Court the following:

### PARTIES

1. Plaintiff, Lawrence Walker, is an adult resident citizen of the State of Georgia.

2. Defendant Hinds County, Mississippi is a political subdivision of the State of Mississippi, and may be served with process by effecting same upon the Hinds County Board of Supervisors President, Credell Calhoun, 316 S. President Street Jackson, Mississippi 39201; the Hinds County Chancery Clerk, Eddie Jean Carr, 316 S. President Street Jackson, Mississippi 39201; or by any other means permitted by the *Federal Rules of Civil Procedure*.

3. At all times material to this Complaint, Defendant and its employees and agents were acting under the color of the statutes, customs, ordinances, and usage of the State of Mississippi.

## JURISDICTION AND VENUE

4. This action arises under the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. This Court has personal jurisdiction over all of the parties.

6. Venue is proper pursuant to 28 U.S.C. § 1391, in that the substantial acts and/or omissions and events that caused Plaintiff's injuries and damages described herein occurred in the Southern District of Mississippi, Northern Division.

## FACTS

7. The Hinds County Adult Detention Center ("HCADC") is a facility that holds Hinds County inmates, including arrestees and pretrial detainees. The HCADC is located at 1450 County Farm Road in Raymond, Hinds County, Mississippi. Defendant Hinds County, Mississippi and its employees and agents are responsible for the operation of the HCADC.

8. On February 9, 2020, Plaintiff, Mr. Walker, was arrested by the campus police of Hinds Community College. Supposedly, he was arrested for several charges, both misdemeanor and felony. On February 9, 2020 was transported to the HCADC in Raymond, Mississippi, where he was detained in the custody and control of Defendant Hinds County.

9. On February 27, 2020, a Petition for Writ of Habeas Corpus was filed on behalf of Mr. Walker. A copy of that Petition is attached hereto as Exhibit 1 and is incorporated herein by reference. After that Petition was filed, Mr. Walker was released from the HCADC on February 27, 2020.

10. From his arrest on February 9 through his release on February 27, Mr. Walker never appeared in front of a judge for an initial appearance.

11. From his arrest on February 9 through his release on February 27, Mr. Walker was not advised of his right to counsel or appointed counsel by a fair and neutral magistrate.

12. From his arrest on February 9 through his release on February 27, no charging documents against the Plaintiff were on file.

13. During his detention, Mr. Walker was assaulted by a group of inmates.

14. Hinds County, Hinds County officials, and HCADC staff have for years been engaged in a pattern and practice of systemic violations of constitutional and civil rights of detainees, including Walker, by subjecting them to unlawful detention, detaining persons without appropriate paperwork including charging documents, not bringing detainees before courts for timely initial appearances, and other violations of rights.

15. Prior to and during the time period in which Walker was a detainee at HCADC, there was a custom, policy, and practice of Defendant Hinds County to detain persons without appropriate paperwork including charging documents, not bringing detainees before courts for timely initial appearances, and other deprivations that will be revealed during discovery and proven at trial of this matter.

16. The deprivation of Walker's rights alleged herein was done by Defendant and its employees and agents acting pursuant to the above-referenced custom, practice, and/or policy of Defendant Hinds County.

17. The acts and omissions described herein were done by Defendant and its employees and agents acting under color of law and proximately caused the deprivation of Walker's constitutional rights.

18. The deprivation of Walker's rights alleged herein caused him injuries and damages as described herein and will be proven at trial.

**Litigation With United State Government Over the Hinds County Adult Detention Center, the Consent Decree, and Continued Violations of the Consent Decree**

19. On June 23, 2016, a Complaint was filed in this Court, seeking relief against Hinds County and related defendants for various constitutional violations, including unlawful detention, at the HCADC. That litigation is styled *United States of America v. Hinds County, et al.*, In the United States District Court for the Southern District of Mississippi, Northern Division, Civil Action No. 3:16-cv-489-CWR-BWR. That civil action is hereinafter referred to as "The Consent Decree Litigation".

20. During the course of The Consent Decree Litigation, a Settlement Agreement was reached that was approved by the Court on July 19, 2016, resulting in a "Consent Decree".

21. The Consent Decree and its terms, including any subsequent amendments thereto, are incorporated herein by reference.

22.  One of the terms of the Consent Decree agreed to by Hinds County was:

**L.  LAWFUL BASIS FOR DETENTION**

Consistent with constitutional standards, the County must develop and implement policies and procedures to ensure that prisoners are processed through the criminal justice system in a manner that respects their liberty interests. To that end:

85. The County will not accept or continue to house prisoners in the Jail without appropriate, completed paperwork such as an affidavit, arrest warrant, detention hold, or judge's written detention order. Examples of inadequate paperwork include, but are not limited to undated or unsigned court orders, warrants, and affidavits; documents memorializing oral instructions from court officers that are undated, unsigned, or otherwise fail to identify responsible individuals and the legal basis for continued detention or release; incomplete arresting police officer documents; and any other paperwork that does not establish a lawful basis for detention.

23. Another term of the Consent Decree agreed to by Hinds County was:

> 92. The County must ensure that the Jail timely releases from custody all individuals entitled to release. At minimum:
>
> a. Prisoners are entitled to release if there is no legal basis for their continued detention. Such release must occur no later than 11:59 PM on the day that a prisoner is entitled to be released.
>
> b. Prisoners must be presumed entitled to release from detention if there is a court order that specifies an applicable release date, or Jail records document no reasonable legal basis for the continued detention of a prisoner.
>
> c. Examples of prisoners presumptively entitled to release include:
>
>    i. Individuals who have completed their sentences;
>    ii. Individuals who have been acquitted of all charges after trial;
>    iii. Individuals whose charges have been dismissed;
>    iv. Individuals who are ordered released by a court order; and
>    v. Individuals detained by a law enforcement agency that then fails to promptly provide constitutionally adequate, documented justification for an individual's continued detention.

24. Another term of the Consent Decree agreed to by Hinds County was:

> 93. The County must develop and implement a reliable, complete, and adequate prisoner records system to ensure that staff members can readily determine the basis for a prisoner's detention, when a prisoner may need to be released, and whether a prisoner should remain in detention. The records system must provide Jail staff with reasonable advance notice prior to an anticipated release date so that they can contact appropriate agencies to determine whether a prisoner should be released or remain in detention.

25. Defendant has been found by this Court to have repeatedly violated the Consent Decree.

26. The deprivations of Plaintiff's constitutional rights alleged herein violated the Consent Decree, including the provisions cited above.

27. The circumstances leading to the filing of the Consent Decree Litigation, the entry of the Consent Decree, and the repeated violations of the Consent Decree demonstrate Hinds County's custom, policy, and practice of detaining persons without appropriate paperwork including charging documents, not bringing detainees before courts for timely initial appearances, and other deprivations that will be revealed during discovery and proven at trial of this matter.

## CAUSES OF ACTION

### Claim 1: 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS: DEPRIVATION OF RIGHT TO BE FREE FROM UNLAWFUL SEIZURES AND /OR SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHT TO LIBERTY

28. Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

29. At all times relevant hereto, Plaintiff had federal substantive and procedural constitutional rights to be free from unreasonable seizures under the Fourth Amendment and from a deprivation of his liberty without due process of law under the Fourteenth Amendment.

30. The actions of Defendant and its employees and agents as described herein constituted an unlawful seizure in violation of the Fourth Amendment to the United States Constitution and/or a deprivation of liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

31. The violation and deprivation of Plaintiff's rights is attributable to the enforcement of a custom, policy, practice, or decision of Defendant Hinds County, Mississippi as described herein.

32. The unlawful seizure and/or deprivation of Plaintiff's liberty without due process of law described herein caused Plaintiff to suffer damages and harm.

33. As a direct and proximate result of the aforementioned conduct of Defendant, wherein it deprived Plaintiff of certain rights guaranteed by the Constitution of the United States, the Plaintiff has suffered damages, entitling him to compensation.

**Claim 2: 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS: DEPRIVATION OF FEDERAL RIGHT TO NOTICE OF CHARGES**

34. Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

35. At all times relevant hereto, Plaintiff had a federal constitutional right to be informed of the nature and cause of the accusations brought against him.

36. This right required the Defendant to promptly take Plaintiff before a neutral magistrate so that he could be informed of the nature and cause of the accusations brought against him.

37. The actions of Defendant and its employees and agents as described herein constituted a deprivation of the right to be informed of the nature and cause of the accusations brought against him, in violation of the Sixth and/or Fourteenth Amendments to the Constitution of the United States.

38. The violation and deprivation of Plaintiff's rights is attributable to the enforcement of a custom, policy, practice, or decision of Defendant Hinds County, Mississippi as described herein.

39. The deprivation of Plaintiff's right to be informed of the nature and cause of the accusations brought against him caused Plaintiff to suffer damages and harm.

40. As a direct and proximate result of the aforementioned conduct of Defendant, wherein it deprived Plaintiff of certain rights guaranteed by the Constitution of the United States, the Plaintiff has suffered damages, entitling him to compensation.

### Claim 3: 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS: DEPRIVATION OF FEDERAL RIGHT TO COUNSEL

41. Plaintiff incorporates by reference, as if fully reproduced herein, the allegations contained in the preceding paragraphs of this Complaint.

42. At all times relevant hereto, Plaintiff had a federal constitutional right to counsel upon the commencement of adversary criminal proceedings against him.

43. This right required the Defendant to promptly take Plaintiff before a neutral magistrate so that he could be provided with counsel.

44. The actions of Defendant and its employees and agents as described herein constituted a deprivation of the right to counsel, in violation of the Sixth and/or Fourteenth Amendments to the Constitution of the United States.

45. The violation and deprivation of Plaintiff's rights is attributable to the enforcement of a custom, policy, practice, or decision of Defendant Hinds County, Mississippi as described herein.

46. The deprivation of Plaintiff's right to counsel caused Plaintiff to suffer damages and harm.

47. As a direct and proximate result of the aforementioned conduct of Defendant, wherein it deprived Plaintiff of certain rights guaranteed by the Constitution of the United States, the Plaintiff has suffered damages, entitling him to compensation.

## JURY DEMAND

48. The Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff demands:

a. That judgment be rendered in favor of the Plaintiff and against the Defendant on all causes of action and legally cognizable damages, including economic and non-economic damages, asserted herein in an amount to be determined by a jury under applicable law.

b. That Plaintiff be awarded reasonable expenses incurred in this litigation, including attorney's fees and expert fees as well as pre- and post-judgment interest, pursuant to 42 U.S.C. § 1988 and related authority.

c. That the Plaintiff receive any other further relief to which he is entitled.

Respectfully submitted, this the 9th day of February, 2023.

**LAWRENCE WALKER, PLAINTIFF**

*/s/ Graham P. Carner*
GRAHAM P. CARNER

**OF COUNSEL:**

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, MS 39202
T: 601-949-9456
F: 601-354-7854
E: graham.carner@gmail.com